UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | | |
|---|---|---|
| MAYIA BLANDING, on behalf of herself and all others similarly situated, | ) ) ) ) | CASE NO.<br><br>JUDGE |
| Plaintiff, | ) ) ) | **<u>PLAINTIFF'S COMPLAINT</u>** |
| vs. | ) ) | (Jury Demand Endorsed Herein) |
| STERLING HEIGHTS OPCO, LLC, D/B/A MEDILODGE OF STERLING HEIGHTS c/o Statutory Agent CSC-Lawyers Incorporating Service 3410 Bell Chase Way, Ste. 600 Lansing, MI 48911 | ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| THE MEDILODGE GROUP, INC. c/o Statutory Agent Frank M Wronski 10503 Citation Drive Suite, 100 Brighton, MI 48116 | ) ) ) ) ) | |
| Defendants. | | |

Now comes Plaintiff Mayia Blanding, by and through undersigned counsel, and for her Complaint against Sterling Heights OPCO, LLC d/b/a Medilodge of Sterling Heights and The Medilodge Group, Inc. ("Defendants") states and alleges the following:

## INTRODUCTION

1.     Plaintiff institutes this "collective action" as a result of Defendants' practices and policies of failing to pay Plaintiff and other similarly situated employees for all hours worked, including meal periods during which they performed work and were not completely relieved from duty and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4.     At all times relevant herein, Plaintiff was a resident of Macomb County, Michigan.

5.     At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.     At all times relevant herein, Defendant Sterling Heights OPCO, LLC

d/b/a Medilodge of Sterling Heights ("Defendant Sterling Heights") was a foreign limited liability company, organized and existing under the laws of the State of Delaware, licensed to conduct business in the State of Michigan.

7.   At all times relevant herein, Defendant The Medilodge Group, Inc. ("Defendant Medilodge Group") was a domestic for profit corporation, organized and existing under the laws of the State of Michigan.

8.   Defendant Sterling Heights maintains a physical location at 14151 15 Mile Road, Sterling Heights, Michigan, 48312.

9.   Defendant Medilodge Group maintains a physical location at 64500 Van Dyke Ave, Washington, Michigan 48095.

10.   At all times relevant herein, Defendants were an employer within the meaning of 29 U.S.C. § 203(d).

11.   At times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12.   At all times relevant herein, Defendants are and were an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

13.   At all times relevant herein Defendants Medilodge of Sterling Heights; Medilodge Group; Medilodge of Farmington; Medilodge of Alpena; Medilodge of

Sault Ste Marie; Medilodge at the Shore; and other entities operating under the Medilodge assumed name ("Medilodge entities") operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1).  Defendants and the other Medilodge entities perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

14.    At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15.    Plaintiff's written consent to this action is attached hereto as Exhibit 1.

16.    Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

17.    Defendants operate nursing and rehabilitation facilities in Michigan, including facilities in Sterling Heights, Michigan; Farmington, Michigan; Alpena, Michigan; Sault Saint Marie, Michigan; Port Huron, Michigan; Grand Rapids, Michigan; Kalamazoo, Michigan; Royal Oak, Michigan; and Traverse City, Michigan.

18.    Upon information and belief, each Medilodge facility is controlled by the same leadership team and members and each facility operates with a high degree

of interrelated and unified operations and share common labor policies and practices complained of herein.

19.    Defendant Medilodge Group's website identifies the Medilodge facility locations as its locations.  Below is a screenshot of the Locations page of Defendant Medilodge Group's website (taken on March 19, 2025):



20.    Below is an additional screenshot of the Locations page of Defendant Medilodge Group's website (taken on March 19, 2025) showing additional locations:



21.    Each facility operating in Michigan under the assumed name "Medilodge of [specific location]" is controlled by Defendant Medilodge Group.

22.    A search of the Michigan Department of Licensing and Regulatory affairs' LARA system shows in excess of 25 "Medilodge of [specific location]" business entities.

6

23.    At the various facilities, Defendants jointly employ certified nursing assistants, registered nurses, and licensed practical nurses.

24.    Defendant Medilodge Group is a joint employer with Defendant Sterling Heights and a joint employer with each of the other Medilodge entities.

25.    Upon information and belief, Defendant Medilodge Group has control over nursing employees' pay and benefits, and all employees are subject to Medilodge Group's policies and practices, including the labor policies and practices complained of herein.

26.    Defendant employed Plaintiff as a Certified Nursing Assistant from January 2022 through March 2023 at its Sterling Heights, Michigan location.

27.    Other similarly situated employees were employed by Defendant as full-time, non-exempt employees, including but not limited to certified nursing assistants, registered nurses, and licensed practical nurses, at various facilities in Michigan.

28.    Plaintiff and other similarly situated employees were classified by Defendant as non-exempt and paid an hourly wage.

29.    Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek.

**(Failure to Provide Bona Fide Meal Periods)**

30.     Plaintiff and other similarly situated employees were not provided *bona fide* meal periods during which they were completely relieved from duty.

31.     Defendants have a practice and policy of automatically deducting 30 minutes from Plaintiff's and other similarly situated employees' pay each day for a meal period, despite the fact that they frequently did not receive a meal period and were required to perform work during their unpaid meal periods.

32.     Plaintiff was required to work through her unpaid meal periods nearly every workday.

33.     Defendant knew that Plaintiff and other similarly situated employees frequently did/do not receive meal periods because Defendant required/requires them to perform the work during their meal periods, and supervisors observed them performing work during their meal periods.

34.     Plaintiff also reported missing her meal periods to her supervisor/manager.

35.     The time spent working during unpaid meal periods was in addition to the 40 or more paid hours that Plaintiff and other similarly situated employees regularly worked, and thus, constituted overtime hours worked for which Plaintiff and other similarly situated employees were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly rates of pay.

8

36.     As a result of Defendants' failure to pay Plaintiff and other similarly situated employees for meal periods during which they performed work, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

**(Failure to Keep Accurate Records)**

37.     Upon information and belief, Defendants failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated recruiters.

**(Defendants Willfully Violated the FLSA)**

38.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

39.     Defendants did not make and has not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law has carried out its unlawful pattern and practice of failing to pay its full-time, non-exempt, hourly employees for meal periods during which they performed work.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

41.     The class which Plaintiff seeks to represent and for whom Plaintiff

seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former employees employed by any Medilodge facility operated by Defendants at any time between 3 years prior to the filing of this suit and the present.

42.     Plaintiff is unable, at this time, to state the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

43.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.  In addition to Plaintiff, numerous current and former recruiters are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

44.     These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Violations of the FLSA)

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46.     Defendants' practices and policies of not paying Plaintiff and other similarly situated employees for meal periods during which they performed work violated the FLSA, 29 C.F.R. § 785.19.

47.     Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

48.     Defendants' actions and/or omissions were not in good faith.

49.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

50.     As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages, including overtime compensation, due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Collective Class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the FLSA Collective Class she represents actual damages for unpaid overtime compensation.

D.      Award Plaintiff and the FLSA Collective Class she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the FLSA Collective Class;

E.      Award Plaintiff and the FLSA Collective Class she represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the FLSA Collective Class she represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the FLSA Collective Class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Lori M. Griffin*
Lori M. Griffin (Ohio 0085241)
Matthew S. Grimsley (Ohio 0092942)
Anthony J. Lazzaro (Ohio 0077962)
The Lazzaro Law Firm, LLC

12

The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Telephone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

/s/ *Lori M. Griffin*
Lori M. Griffin (Ohio 0085241)

*Attorney for Plaintiff*

13

## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against my employer.

2. I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer. In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5. I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs. The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer. If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

**Employer:**

Medilodge

Signature: _Mayia Blanding_                        Date:   Feb 12, 2025
mayia Blanding (Feb 12, 2025 14:47 EST)

Mayia Blanding
194 N Wilson Blvd
Mount Clemens, MI 48043
98myeia@gmail.com

Exhibit 1